77 F.3d 268
 107 Ed. Law Rep. 104
 Etta TRIBBLE, Administrator for the Estate of Billy Tribble, Appellant,
v.
ARKANSAS DEPARTMENT OF HUMAN SERVICES; Drucille Gilbert;
Carvil Strong; Henry Thompson; Kenneth Johnson;
and Calvin Wilbon, Appellees.
 No. 95-2351.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 10, 1996.
Decided Feb. 29, 1996.
 
 Larry Joe Steele, Walnut Ridge, Arkansas, argued, for appellant.
 Frank Alan GoBell, Little Rock, Arkansas, argued, for appellee.
 Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and KYLE,* District Judge.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 Etta Tribble appeals from an adverse judgment on her claim that several employees of the Arkansas Department of Human Services were liable for injuries to her son that occurred while he was in their care. We affirm the judgment of the district court.[1]
 
 I.
 
 2
 Billy Tribble was in the custody of the Arkansas Department of Human Services at the Alexander Youth Services Center. The Center consists of residences, a school, and an intensive treatment unit to which unruly inmates may be sent.
 
 
 3
 While locked in his room in a residence with two other inmates, Tribble was forced by one inmate, Alfred Taylor, to perform oral sex on another inmate, Freddie White. Because Tribble initially refused Taylor's demand, Taylor hit Tribble in the eye in order to compel Tribble to perform the act. Taylor then threatened to shove a pencil up the rectums of Tribble and White if they told anyone. The assault occurred despite the fact that the house parents, defendants Henry Thompson and Kenneth Johnson, checked the inmates' rooms every fifteen minutes. Defendant Calvin Wilbon, residential administrator of the Center, was notified of the incident. Two days after the attack, Tribble attended class with Taylor at the school (of which defendant Drucille Gilbert was principal), and Taylor attacked Tribble, punching him several times. When the teacher attempted to call a security officer, Taylor disconnected the telephone and resumed beating Tribble. A security officer eventually came and pulled Taylor off Tribble. The teacher had not been notified of the incident that had occurred in the residences two days before and Ms. Gilbert did not become aware of any of the foregoing incidents until this lawsuit was filed.
 
 
 4
 Following a bench trial, the district court granted judgment to defendants, finding that they had not acted with deliberate indifference to Billy Tribble's health or safety. In reaching this conclusion, the court found that there was no evidence that the defendants connected with the residences knew before the sexual assault that Taylor had a propensity for violence, or that they were callous or indifferent in failing to discover such a propensity, if any. The court also concluded that the house parents' methods of handling incidents and maintaining inmates in the rooms did not amount to deliberate indifference. The court further found that notice of the first incident was given to the superintendent of the Center, thus apparently crediting evidence that one of the house parents notified a security officer and that the security officer then notified the superintendent. Despite that notice, the court found, Ms. Gilbert and the teacher were not themselves made aware of Taylor's violent tendencies before the attack in the classroom and were therefore not liable.
 
 II.
 
 5
 Appellant claimed that Billy Tribble was denied the right to conditions of humane confinement. A prison official violates the Eighth Amendment in this kind of context only when two conditions are met. First, the deprivation must be objectively serious: "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, --- U.S. ----, ----, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). The second requirement is that a prison official must have a sufficiently culpable state of mind, namely, one of "deliberate indifference" to inmate health or safety, because only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. Id. Deliberate indifference is a state of mind more blameworthy than mere negligence. Id. at ----, 114 S.Ct. at 1978. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at ----, 114 S.Ct. at 1979.
 
 
 6
 Upon reviewing the evidence presented at trial, we agree with the district court's conclusion that the defendants' actions or omissions did not rise to the level of deliberate indifference because the district court did not clearly err in finding that none of the defendants had knowledge of any risk that Taylor posed. There was no evidence that the house parents knew that Taylor might harm Tribble before the initial incident or that the principal of the school knew of Taylor's violent tendencies before the attack in the classroom. The district court's finding that the superintendent was notified was not clearly erroneous and appears to have been based at least in part on testimony that Mr. Thompson notified a security officer of the initial incident, who then notified the superintendent. (There was also testimony that Mr. Wilbon was notified that the superintendent was called.) In light of the notification of the superintendent, we are unable to conclude that the failure of the house parents and Mr. Wilbon to notify Billy Tribble's teacher amounted to a deliberate indifference to his safety. None of the defendants, therefore, can be held to have acted unconstitutionally in failing to segregate Billy Tribble from Taylor before Taylor attacked Billy Tribble in the classroom. That word of Taylor's dangerousness did not get to the school principal and the teachers might be negligence, or might even suggest liability, on the part of others, but fails to demonstrate deliberate indifference on the part of these particular defendants.
 
 III.
 
 7
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 *
 The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas